```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

```
CHARLES HUNT,                    :
                                 :
     Plaintiff,                  :
                                 :
vs.                              :
                                 :    CIVIL ACTION 13-0022-KD-M
HARTFORD LIFE AND ACCIDENT       :
INSURANCE COMPANY,               :
                                 :
     Defendant.                  :
```

## REPORT AND RECOMMENDATION

The Motion to Remand filed by Plaintiff (Doc. 8) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332 (Doc. 1).  After consideration, it is recommended that Plaintiff's Motion be denied (Doc. 8) and that this action be allowed to proceed.

The facts, briefly, are as follows.  In 1998, Plaintiff Charles Hunt, a resident of Greene County, Mississippi, purchased an accidental death and dismemberment insurance policy from Defendant Hartford Life and Accident Insurance Company (hereinafter *Hartford*) for himself and his wife (Complaint, ¶¶ 1, 4).[1]  The policy was purchased through non-party New Horizons

---

[1] The Complaint can be found at pages 10-13 of Document 1.

1

Credit Union, in Mobile County, Alabama, and provided benefits in the amount of $100,000 (Complaint, ¶ 5). Hunt's wife died on February 24, 2007; Plaintiff filed a claim for the insurance proceeds in April 2012 and Hartford denied it on August 21, 2012 (Complaint, ¶ 6). On December 18, 2012, Hunt filed this action in the Mobile County Circuit Court, asserting claims for breach of contract (count 1) and fraud, misrepresentation, deceit, and bad faith (count 2); Plaintiff seeks compensatory and punitive damages (Complaint).

On January 25, 2013, Defendant removed the action to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1, pp. 1-6). On February 25, Plaintiff filed a Motion to Remand (Doc. 8) to which Hartford has replied (Doc. 12).

In its removal petition, Defendant alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446(a) (Doc. 1). In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008). In a removal action, that burden is upon the defendant. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). Removal is a statutory

2

remedy which must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse; Plaintiff admits as much (Doc. 8, pp. 2, 3). What is disputed is whether the matter in controversy exceeds $75,000. Hunt argues that the jurisdictional requirement of $75,000 has not been proven by Defendant (Doc. 8).

In the Complaint, Hunt asks for no set amount of damages (Complaint). However, the Complaint clearly states that the insurance policy purchased from Hartford provided benefits in the amount of $100,000 (Complaint, ¶ 5). Plaintiff makes no mention of this fact in his Motion to Remand, choosing instead to focus on an offer of settlement he made to Hartford on February 13, 2013, after the action was removed to this Court,

3

for $74,500 (Doc. 8, p. 3).[2]  Hunt goes on to assert that "a District court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal" (Doc. 8, p. 6) (*citing Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2010)).

The Court has read *Williams* and finds that although Hunt has correctly cited the law, it is of no benefit to him.  Senior Judge Cox, in the conclusion of *Williams*, stated as follows: "[T]his case is remanded to the district court for the limited purposes of developing the record and making findings of fact **with regard to the amount in controversy at the time of removal**."  *Williams*, 269 F.3d at 1321 (emphasis added).  The Court further notes that this was done because "the notice of removal assert[ed] the jurisdictional amount and the plaintiff [did] not challenge that assertion in the district court . . . [and] the amount in controversy [could not] be clearly determined by a review of the record."  *Williams*, 269 F.3d at 1321.  So while *Williams* is not beneficial to Hunt, as he has challenged Hartford's assertion of jurisdiction, Judge Cox, nevertheless, instructs us to look at the jurisdictional amount

---

[2]Plaintiff states that a copy of the offer is attached to the Motion (Doc. 8, p. 3), but it does not exist in the Record.  It is of no moment, though; the Court accepts Hunt's assertion of the offer as true, noting that Hartford has done so (*see* Doc. 12, p. 1).

at the time of removal.  This clearly precludes consideration of Plaintiff's offer of settlement as it came about after this action had come to this Court.

That leaves for this Court's consideration only the Complaint which, as noted earlier, states that the insurance policy purchased from Hartford provided benefits in the amount of $100,000 (Complaint, ¶ 5).  This alone exceeds the jurisdictional minimum amount without considering the claims for fraud, misrepresentation, deceit, and bad faith as well as punitive damages.

Therefore, it is recommended that Plaintiff's Motion to Remand (Doc. 8) be denied and that this action be allowed to proceed.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's

Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.  **Transcript (applicable where proceedings tape recorded).**  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 5th day of April, 2013.

s/BERT. W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE
