IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES HUNT,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 13-0022-KD-M |
| ) | |
| **HARTFORD LIFE AND ACCIDENT** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the motion to dismiss or, in the alternative, for a more definite statement filed by defendant Hartford Life and Accident Insurance Company (doc. 2). Upon consideration and for the reasons set forth herein, Hartford's motion to dismiss is **GRANTED** and plaintiff Charles Hunt's claims based upon fraud are dismissed.

Background

Hunt filed his complaint against Hartford in the Circuit Court of Mobile County, Alabama alleging that Hartford failed to pay a claim for accidental death benefits for the death of Hunt's wife Connie (doc. 1-1). Hartford removed the action to this Court (doc. 1). Upon removal, Hartford filed a motion to dismiss Hunt's claims for fraud and filed an answer denying Hunt's claims (docs. 2, 3). The Court set a briefing schedule whereby Hunt's response to the motion to dismiss was due on February 22, 2013 (doc. 9). Hunt filed a motion to remand (doc. 8) but did not file a response to Hartford's motion to dismiss. The motion to remand was denied (docs. 13, 15). The Court having ascertained that it has subject matter jurisdiction will now address Hartford's motion to dismiss.

Analysis

Hartford argues that the complaint does not contain the requisite statement of particularity of the circumstances constituting the fraud as required by Rule 9(b) of the Federal Rules of Civil Procedure. Hartford also argues that the complaint fails to meet the pleading requirements of Rule 8(a)(2) and fails state a claim upon which relief can be granted as to Hunt's claim for fraud. Hunt did not respond to the motion to dismiss and did not file an amended complaint to allege the particular facts and circumstances that support his claim for fraud as allowed under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. The Rule states, in relevant part, that a party may amend its pleading once as a matter of course within 21 days after service of a motion under Rule 12(b).

Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Even before the decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), Rule 9(b) required more than conclusory allegations and compelled the plaintiff to provide sufficient specific factual allegations from which the Court could infer that a defendant was liable for the fraud alleged. In the Eleventh Circuit, "Rule 9(b) may be satisfied when the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Inman v. American Paramount Financial*, 2013 WL 1729801, *3 (11th Cir. Apr. 22, 2013) (slip copy).

Review of the complaint shows that Hunt has not met any of the pleading requirements

for fraud.  Hunt specifically alleges only that Hartford has refused to pay the accidental death claim on grounds that his wife's death was not an accident and that Hartford knew there was no arguable basis for refusing to pay the claim.  Hunt raises an alternative allegation that Hartford failed to properly investigate whether an arguable basis existed to deny the claim.  Because Hunt has failed to meet the standard for pleading fraud in this Circuit, Hartford's motion to dismiss the fraud claim is granted.

      Done and ordered this the 30th day of April, 2013.

                                            s/ Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            UNITED STATES DISTRICT JUDGE